UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHERINE HEATHER NOEL,

        Plaintiff,                      Case No. 14-cv-14283

v.                                        Honorable Thomas L. Ludington

JEFFREY RAYMOND CARPENTER,

        Defendant.

_____/

**ORDER DIRECTING RESPONSE**

On November 7, 2014, Defendant Jeffrey Raymond Carpenter filed an ex parte motion for an extension of time to respond to Plaintiff Katherine Heather Noel's complaint. ECF No. 2. Defendant removed this matter from state court on November 6, 2014 and claims that "[a]lthough Plaintiff did not serve the U.S. Attorney's Office as required by Fed. R. Civ. P. 4(i)(1)(A)(i) or (ii)" the case was removed "to avoid an entry of default." *Id*. Defendant requests, by way of relief, "that the court grant additional time for the plaintiff to properly serve this office and grant defendant the traditional sixty (60) day time period to respond to the complaint once service is perfected." *Id*.

At the outset, it should be noted that Defendant's motion was filed ex parte and does not represent that concurrence was sought from Plaintiff in the matter. Failure to seek concurrence violates the Eastern District of Michigan Local Rules.[1] Local Rule 7.1(a)(1) provides: "The movant must ascertain whether the contemplated motion . . . will be opposed." If a movant cannot obtain concurrence, the motion must represent that either (1) "there was a conference

---

[1] The Court reminds the parties that the Local Rules are not optional: "[The Local Rules] shall govern all applicable proceedings brought in this Court . . . ." E. D. MICH. L.R. 1.1(d).

between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought" or (2) the movant made "reasonable efforts" but was "unable to conduct a conference." E. D. MICH. LR 7.1(a)(2)(A)-(B). Seeking concurrence in matters helps avoid disputes where they otherwise would not arise, such as in matters of scheduling.

Defendant's motion does not explain the specific relief he seeks. Ostensibly, Defendant moves for extra time to respond to Plaintiff's complaint. But Defendant also alleges that he was improperly served by the Plaintiff, and appears to ask that Plaintiff be ordered to serve Defendant in conformity with the Federal Rules of Civil Procedure.

If Defendant's motion is for an extension of time to answer, it is moot if, as Defendant alleges, the United States was not properly served. Defendant is under no obligation to answer the complaint under the Federal Rules until service is perfected. See Fed. R. Civ. P. 12(a)(2). The time-limits for answering a complaint are calculated from "60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3). In a removal action, time limits are governed by the Federal Rules from the moment the case is removed. *Luce & Co., S. En C. v. Alimentos Borinquenos, S. A.*, 283 F. Supp. 81, 85 (D.P.R. 1968). If Defendant is correct, and the United States attorney was not properly served in this matter, then the time limits for Defendant to respond have not yet begun to run and his motion is moot.

The next possibility is that Defendant's motion seeks relief under Federal Rule of Civil Procedure 12(b)(4) & (5). If Defendant seeks dismissal of Plaintiff's complaint, the motion will be denied. "The Federal Rules . . . convey a clear message: Complaints are not to be dismissed if

served within 120 days or within such additional time as the court may allow." *Henderson v. United States*, 517 U.S. 654, 663 (1996). Defendant may, however, seek to have service quashed and have Plaintiff directed to properly serve Defendant.

Before deciding such a motion it is necessary to hear from Plaintiff regarding the relief sought by Defendant. Plaintiff will be directed to respond in writing to Defendant's motion by November 14, 2014. Plaintiff should respond specifically to the allegation that the United States has not been properly served.

Accordingly, it is **ORDERED** that Plaintiff Katherine H. Noel is **DIRECTED** to respond to Defendant's motion, ECF No. 2, on or before **November 14, 2014**.

Dated: November 12, 2014         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

- 3 -